IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

GEORGE STARKS,　　　　　　　　　　　　CASE NO.:

　　　　Plaintiff,

vs.

PROFI FACILITIES MAINTENANCE, LLC,

　　　　Defendant.
_____/

## **COMPLAINT**

COMES NOW Plaintiff, GEORGE STARKS, by and through undersigned counsel, and hereby sues the Defendant, PROFI FACILITIES MAINTENANCE, LLC, and alleges the following:

1.　　Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et. seq. hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs, and pursuant to 29 § U.S.C. §215 (a)(3) for damages, reinstatement, emotional distress, reasonable attorney's fees and costs..

2.　　Jurisdiction of this action is founded upon §216(b) of the FLSA [29 U.S.C. §216(b)].

3.　　At all times material hereto Plaintiff, GEORGE STARKS (hereinafter "STARKS") was and is a resident of Palm Beach County, Florida.

4.　　At all times material hereto, Defendant, PROFI FACILITIES MAINTENANCE, LLC (hereinafter "PFM"), was a Florida limited liability company doing business in Palm Beach County, Florida.

5.  At all times material hereto, Defendant, PFM, employed employees, including Plaintiff, who regularly were and are engaged in commerce or the production of goods for commerce, with Defendant having annual gross volume of sales or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of §203 of the FLSA.

6.  At all times material hereto, Defendant, PFM, acted directly or indirectly in the interest of an employer in relation to STARKS, and therefore Defendant has been an employer within the meaning of §3(d) of the FLSA (29 U.S.C. §203(d)).

7.  Defendant employed SPARKS in Palm Beach County, Florida, from August 2015 through February 28, 2017 as an hourly paid, non-exempt employee for janitorial duties in the aforesaid enterprise for work weeks longer than forty hours. Defendant willfully failed and/or showed reckless disregard in failing to compensate Plaintiff for his hours worked in excess of forty hours per week at a rate of at least one and one-half times the regular rate at which he was employed, contrary to the requirements of §7 of the FLSA (29 U.S.C. §207).

8.  Defendant was aware that Plaintiff was working hours in excess of forty per week, but failed to fully compensate such overtime hours when it knew, or should have known, such was, and is due. Plaintiff was only paid straight time for the time he worked over forty (40) hours.

9.  As a direct and proximate result of Defendant's willful and deliberate underpayment of overtime wages, Plaintiff, SPARKS, has been damaged in the loss of overtime compensation.

10. Defendant's above-described violations of the FLSA were willful and were not conducted in a good faith attempt to comply with the FLSA.

11. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

12. Defendant did not have a good faith basis for its decision to not pay an overtime rate of pay to Plaintiff for his overtime hours worked.

13. As a direct and proximate result of Defendant's hereinabove described violations of FLSA, Plaintiff, SPARKS, has had to retain the services of Gary A. Isaacs, P.A. and has agreed to pay same a reasonable attorney's fee.

14. As a result of Defendant's lack of a good faith justification for its violation of the FLSA, Plaintiff is entitled to liquidated damages.

15. In addition, because Defendant's violation of the FLSA was willful, a three-year statute of limitations is applicable to the claims at issue.

WHEREFORE, Plaintiff, SPARKS, demands judgment against Defendant, PROFI FACILITIES MAINTENANCE, LLC, for compensatory damages, prejudgment interest, an additional equal amount as liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper, including trial by jury.

DATED this 24th day of April, 2017.

>     GARY A. ISAACS, P.A.
>     Attorney for Plaintiff, GEORGE SPARKS
>     712 U.S. Highway One, Suite 400
>     North Palm Beach, Florida 33408
>     Telephone: (561) 655-9300
>     Facsimile:  (561) 842-4104
>     gaisaacs@bellsouth.net
>
>     */s/ Gary A. Isaacs, Esquire*
>     Gary A. Isaacs, Esquire
>     Florida Bar No. 602663